IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | REPORT AND |
| v. | RECOMMENDATION |
| STEVENDALE M. BARRETT, | 10-cr-36-wmc |
| Defendant. | |

_____

REPORT

On February 17, 2010, the grand jury returned an indictment charging that on February 17, 2005, defendant Stevendale Barrett unlawfully possessed a Makarov semiautomatic pistol while being a methamphetamine user, in violation of 18 U.S.C. .§ 922(g)(3). Barrett has moved to dismiss the charge on Second Amendment grounds. *See* dkts. 12 & 13.

Barrett acknowledges that this court twice already has upheld the constitutionality of § 922(g)(3) in *United States v. Hendrix*, 09-cr-56-bbc, 2010 WL 1372663 (W.D. Wis.) and *United States v. Yancey*, 08-cr-103-bbc, *see* dkt. 13 at 2, n.2. He notes, however, that both are on appeal to the Court of Appeals for the Seventh Circuit, which has yet to apply the Second Amendment and the holding of *District of Columbia v. Heller*, ___ U.S. ___. 128 S.Ct. 2783 (2008) to any subpart of § 922(g). On May 20, 2010 the court, sitting *en banc*, heard oral argument in *United States v. Skoien*, No. 08-3770, which raises a Second Amendment challenge to 18 U.S.C. § 922(g)(9) (prohibiting firearm possession by persons convicted of a misdemeanor crime of domestic violence). Barrett's attorney also is Skoien's attorney and he acknowledges raising the same arguments on behalf of Barrett as he has raised on behalf of Skoien.

But as this court noted in an April 5, 2010 order in *Hendrix*, 09-cr-56, dkt. 66 at 2, the uncertainty of the outcome in *Skoien* is virtually irrelevant to a § 922(g)(3) prosecution because

they raise different questions: in a §922(g)(3) prosecution, "the defendant's possession of guns [is] forbidden because he was violating the law when he had the guns in his possession." *Id.* Such a law puts no genuine burden on a citizen's Second Amendment rights: if he does not use illegal drugs, then § 922(g)(3) imposes no restriction on his possession of firearms. If he chooses to use illegal drugs then he cannot legally possess a firearm. The choice is his, not the governments. *Id.* at 3. *Cf. United States v. Jackson IV*, 555 F.3d 635, 636 (7th Cir. 2009) (§ 924(c) is constitutional because Second Amendment guarantees possession of firearms for *lawful* self-protection which does not include protection of an illegal drug trafficking operation). As this court stated in *Hendrix*,

> In effect, all that the government is saying is "if you choose to keep a gun in your house, you can't use controlled substances." . . .
>
> The mildness of the burden means that it is categorically constitutional, making it unnecessary for the government to prove that the law would be likely to materially reduce some harm. If one imposes a "scrutiny" analysis, the minimal nature of the burden warrant only a rational basis examination, which § 922(g)(3) would easily pass because it is obviously reasonable to prevent users of controlled substances from possessing guns.
>
> April 5, 2010 order dkt. 66 at 5.

Also applicable to Barrett's constitutional challenge is this court's ruling in *Yancey*:

> Defendant is one of many charged or convicted persons who believe that the United States Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), means that no one in possession of a firearm can be convicted of a crime, whatever the status of the person possessing it. Defendant is wrong. As this court noted recently, *Heller* stands only for the proposition that the District of Columbia cannot constitutionally ban handgun possession in the home for use in self-defense by persons not

otherwise prohibited from gun possession. *United States v. Kilgore*, 2008 WL 4058020 (W.D. Wis. Aug. 26, 2008).

*Heller* did not address a state's right to impose restrictions on handgun possession. Indeed, the Court said explicitly that its opinion was not intended to suggest that *all* gun laws and firearms restrictions are unconstitutional. *Id.*, at 2816-17 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ). As this court held recently in affirming the constitutionality of 18 U.S.C. § 922(g)(1), which criminalizes firearm possession by felons, *Heller* did not make the firearm restrictions of 18 U.S.C. § 922(g) constitutionally suspect. Instead, this statute contains just the sort of longstanding prohibitions on firearm possession that *Heller* allowed. *Kilgore,* 2008 WL 4058020.

\* \* \*

If the government proves, as it has charged, that defendant is an unlawful user of a controlled substance and that he was in knowing possession of a firearm, a jury could find defendant guilty of violating 18 U.S.C. § 922(g)(3). Such a conviction would not violate the Second Amendment to the United States Constitution. Nothing in *Heller* restricts the federal government from criminalizing the possession of firearms by unlawful users of controlled substances.

October 3, 2008 order, dkt. 27 at 1-3.

To this court's knowledge, every federal court to have considered this question has held that § 922(g)(3) does not violate the Second Amendment. *See United States v. Richard*, (*unpublished opinion*) 10 Fed. Appx. 252, 2009 WL 3367632 (10th Cir. 2009); *United States v. Korbe*, 2010 WL 2404394 (W.D. PA June 9, 2010); *United States v. Lacy*, 2009 WL 3756987 (E.D. Wis. 2009); *United States v. Bumm*, 2009 WL 1073659 (S.D. W. Va. 2009); *United States*

*v. Lyles*, 2009 WL 650182 (N.D. Cal. 2009). Nothing in the Supreme Court's June 28, 2010 decision in *McDonald v. City of Chicago*, ___ U.S. ___, ___ S.Ct. ___, 2010 WL 2555188 (2010), directed at the Second Amendment's application to the states, *id.* at *28 affects how courts should interpreting the constitutionality of § 922(g)'s prohibitions.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that this court deny defendant Stevendale Barrett's motion to dismiss the indictment.

Entered this 30th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

June 30, 2010

Peter M. Jarosz
Assistant United States Attorney
660 West Washington Avenue, #303
Madison, WI 53703

Michael Lieberman
Federal Defender Services of Wisconsin, Inc.
222 West Washington Ave.
Suite 300
Madison , WI 53703

Re: United States v. Stevendale Barrett
Case No. 10-cr-36-wmc

Dear Counsel:

The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before July 14, 2010, by filing a memorandum with the court with a copy to opposing counsel.

If no memorandum is received by July 14, 2010, the court will proceed to consider the magistrate judge's Report and Recommendation.

Sincerely,
/s/ Susan Vogel for
Connie A. Korth
Secretary to Magistrate Judge Crocker

Enclosures
cc: Honorable William C. Conley, District Judge

5

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:
        (1) injunctive relief;
        (2) judgment on the pleadings;
        (3) summary judgment;
        (4) to dismiss or quash an indictment or information;
        (5) to suppress evidence in a criminal case;
        (6) to dismiss or to permit maintenance of a class action;
        (7) to dismiss for failure to state a claim upon which relief can be granted;
        (8) to dismiss actions involuntarily; and
        (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).