IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

                                            ORDER

v.                                         10-cr-36-wmc

STEVENDALE M. BARRETT,

        Defendant.

---

On July 15, 2010, defendant Stevendale M. Barrett pled guilty to one count of being a methamphetamine user who knowingly and unlawfully possessed a Makarov style, model PA-63 semi automatic pistol in violation of 28 U.S.C. §922(g)(3). Pursuant to Fed. R. Crim. P. 11(a), Barrett's plea was conditional, reserving the right to pursue his motion to dismiss the underlying indictment on the ground that the statute under which he is charged, 18 U.S.C. § 922(g)(3), violates his right to bear arms under the Second Amendment to the United States Constitution. In a report and recommendation entered on June 30, 2010, United States Magistrate Judge Stephen Crocker recommended that this court deny Barrett's motion, finding that the statute did not violate the Second Amendment.

Barrett objects to the report and recommendation, arguing that it does not apply the correct analysis in determining whether the statute violated the Second Amendment. Specifically, Barrett maintains that the court must analyze (1) whether users of controlled substances as a group fall outside the Second Amendment's guarantee of "an individual's right to possess and carry weapons in case of confrontation" recognized in *District of Columbia v. Heller,* 128 S.Ct. 2783, 2797 (2008); and if not, (2) whether this is a narrowly tailored

classification that will further compelling government interests. Barrett also argues that the government has failed to meet its burden on either score.

Whatever merit there may have been in Barrett's argument has been swept aside by the Seventh Circuit's recent and binding decision in *United States v. Yancey*, No. 09-1138 (7th Cir. September 3, 2010) (slip. op.) (per curiam), holding that "Congress acted within constitutional bounds by prohibiting illegal drug users from firearm possession because it is substantially related to the important governmental interest in preventing violent crime." *Id.* at 12. Pursuant to 28 U.S.C. § 636(b)(1)(C), the court will, therefore, adopt the Magistrate Judge's report and recommendation as modified by the Seventh Circuit's reasoning in *Yancey* and deny Barrett's motion to dismiss the indictment.

In *Yancey*, the court held that illegal drug users are an additional category of persons who can be excluded from possessing firearms. *Yancy*, Slip. Op. at 3-4. Not only is this categorical exclusion justified for the same reason as the categories for felons and the mentally ill recognized in *Heller*, 128 S.Ct. at 2816-17, but as Judge Crocker pointed out, the *Yancey* court also observed "an unlawful drug user like Yancey could regain his right to possess a firearm by ending his drug absue," making "the restriction in § 922(g)(3) ... far less onerous than those affecting felons and the mentally ill," who face a lifetime ban. *Yancey*, Slip. Op. at 11. Since Barrett, like Yancey, is an illegal drug user, the *Yancey* decision establishes that prohibiting him from possessing a firearm is substantially related to the strong governmental purpose in preventing violent crime. *Id.* at 4-11.

This last finding in *Yancey* forecloses Barrett's remaining argument. He objects to the

2

Magistrate Judge's reliance on *United States v. Jackson IV*, 555 F.3d 635, 636 (7th Cir. 2009), because in that case, Jackson was charged with two drug crimes plus possessing firearms in furtherance of a drug-trafficking offense. The *Jackson* court found that it was constitutional to forbid Jackson from being armed while committing a felony, operating an illegal home business selling drugs. Barrett would distinguish his case from Jackson's because he possessed a gun not in furtherance of an unlawful purpose, but rather for lawful self-protection. While Barrett's case is not the same as Jackson, his need for self-protection plainly arose out of long-term involvement in the drug trade. Even if this were not so, his case is not distinguishable from Yancey's.

## ORDER

IT IS ORDERED that:

1. The Magistrate Judge's recommendation is ADOPTED as modified by *United States v. Yancey*, No. 09-1138 (7th Cir. September 3, 2010) (slip. op.) (per curiam).

2. Defendant Stevendale Barrett's motion to dismiss the indictment is DENIED.

Entered this 21st day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
Magistrate Judge

3