IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                              ORDER

      v.                                    10-CR-36-WMC-01

STEVENDALE M. BARRETT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Stevendale M. Barrett's supervised release was held on January 5, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Peter M. Jarosz. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Asst. Deputy Chief U.S. Probation Officer Paul J. Reed.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on October 6, 2010, following his conviction for prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). This offense is a Class C felony. He was sentenced to time served, to be followed by a 36-month term of supervised release.

On October 6, 2010, defendant began his term of supervised release in the District of Minnesota.

On November 4, 2010, defendant submitted a urine specimen which tested positive for methamphetamine and subsequently admitted to having smoked methamphetamine. Defendant's use of methamphetamine is a clear violation of Standard Condition No. 7 prohibiting him from using any narcotic or other controlled substance, and Special Condition No. 4 prohibiting him from the use of illegal drugs.

On December 10, 2010, defendant was arrested by the Minnesota State Patrol while driving 87 miles per hour in a 55 mile-per-hour speed zone and driving while intoxicated, in violation of the mandatory condition prohibiting him from committing another federal, state, or local crime. His consumption of alcohol leading to his arrest is also a violation of Special Condition No. 4 which prohibits him from using alcohol, and Standard Condition No. 7, which prohibits his excessive use of alcohol.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations justify revocation but the Court will instead modify his conditions of release, and postpone sentencing on the violations for a period of 90 days.

Defendant will have an opportunity to more fully comply with his conditions of release but not without additional reporting requirements, to include more frequent contact with his supervising U.S. probation officer and monthly telephone conferences with the Court. Defendant will also be required to refrain from any driving unless for work and treatment, as well as to fully comply with any driving restrictions imposed by the State of Minnesota.

ORDER

IT IS ORDERED that sentencing on the violations of supervised release be postponed for a period of 90 days. Defendant is to be released from custody and remain on supervised release with all conditions previously imposed remaining in effect and with the following additional special conditions:

Special Condition No. 5:   "Defendant shall have no less than biweekly contact with his supervising U.S. probation officer as approved and arranged by the supervising officer."

Special Condition No. 6:   "Defendant shall have monthly telephone conferences with the Court, as arranged by the supervising U.S. probation officer. The conference calls may include other appropriate parties, including the supervising officer, treatment provider, assistant U.S. attorney, and defense counsel. The calls will be designed to assess and provide feedback on the defendant's progress in areas including (but not necessarily limited to) treatment, employment, education, and supporting his dependents."

Special Condition No. 7:   "Defendant shall fully comply with all driving restrictions established by the State of Minnesota. Barring recommendation by the probation officer and approval by this court, defendant shall further be restricted from driving for any purpose other than work or treatment."

Entered this 5th day of January, 2011.

BY THE COURT:

_____
William M. Conley
U.S. District Judge